SECURITY BANK OF NEW YORK v. GOTTHOFFER.

(Supreme Court, Appellate Term, First Department. April 26, 1916.)

TROVER AND CONVERSION ⬡⟾34(2)—EVIDENCE.

Where a debtor assigned certain accounts as security, he to collect them and account for same, and hold any goods sold, but returned, for assignee's benefit, and there was no evidence as to amount collected, or value of goods returned, judgment for conversion was unauthorized.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 208; Dec. Dig. ⬡⟾34(2).]

Appeal from City Court of New York, Trial Term.

Action by the Security Bank of New York against Jacob Gotthoffer. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Lester M. Friedman, of New York City, for appellant.

I. Gainsburg, of New York City (Joseph P. Segal, of New York City, of counsel), for respondent.

WHITAKER, J. This action was commenced by the plaintiff against the defendant for the conversion of $753.04, representing the amount of moneys and merchandise received and retained by the defendant from the accounts assigned to the plaintiff. The answer is a general denial. The case came up for trial before a jury on September 23, 1915. At the close of the entire case the court directed a verdict for the plaintiff in the sum of $769.18, which represented $579.83, a balance due, and $189.35 interest up to date of trial. The

defendant, during the same term of the court, moved for a new trial on the grounds specified in section 999 of the Code of Civil Procedure. This motion was denied by the trial justice, and the defendant appeals from the order denying the said motion for a new trial.

There was no objection or exception taken to a direction of a verdict, no motion made at the end of the case for a new trial, and no request made to submit questions to the jury. Defendant was indebted to plaintiff upon two promissory notes, one for $4,500 and one for $750, and assigned to plaintiff as security accounts receivable. This assignment provided that, if goods sold by defendant were returned to him by the persons whose indebtedness was assigned to plaintiff, defendant would hold them for plaintiff as trustee, etc., and if any claims were paid to defendant direct he would immediately turn the money over to plaintiff in payment of defendant's indebtedness to plaintiff. The assignment contained a list of the persons to whom defendant had sold goods, with the amounts due from each.

The only witness was the discount clerk, who testified that the plaintiff notified the various debtors of defendant, whose names were on the list, of the assignment; that a certain number of them wrote to plaintiff, stating they had paid the defendant direct; that the witness went to defendant with these letters; and that defendant stated he had received the money and would make it all right. Two of the persons to whom goods were sold by defendant returned the goods to him. The evidence was not, in my opinion, sufficiently clear and satisfactory to establish conversion. There was no evidence as to the value of the goods returned and alleged to have been retained and converted by the defendant; and some of the accounts which were claimed to have been paid direct to the defendant were not contained in the list and were never assigned to the plaintiff. There is one bill of $196.25 included in the judgment which admittedly is not contained in the list of accounts assigned to plaintiff. There was not, in my opinion, sufficient evidence upon which to base the verdict.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.